IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DAVID SMITH, an individual proceeding under a pseudonym | ) Civil No.: 3:16-cv-00412-JE <br> ) <br> ) |
| Plaintiff, | ) FINDINGS AND <br> ) RECOMMENDATION |
| v. | ) <br> ) |
| PROVINCE OF THE HOLY NAME, a California not-for-profit corporation; and HOLY ROSARY CHURCH OF PORTLAND, OREGON, an Oregon not-for profit corporation, | ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

JELDERKS, Magistrate Judge:

Plaintiff brings this action against Defendants alleging Oregon state law claims of negligence and *respondeat superior* liability for battery and intentional infliction of emotional distress. Plaintiff originally filed his complaint in Multnomah County Circuit Court for the State of Oregon. Defendants then removed the case to this court based on federal question jurisdiction. Currently pending before the Court are Plaintiff's motion for remand and

FINDINGS AND RECOMMENDATION – 1

Defendants' motion to dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6). Plaintiff also seeks attorney fees and costs for his remand motion.

For the reasons discussed below, Plaintiff's motion for remand should be granted, his motion for costs and fees should be denied, and Defendants' motion should be denied as moot.

## Factual Background

The following are the relevant factual allegations from Plaintiff's Complaint.

Defendants Province of the Holy Name (Province) and Holy Rosary Church (Holy Rosary) jointly operate and manage Holy Rosary Parish in Portland, Oregon. Father (Fr.) Emmerich Vogt was a priest and an employee of Province assigned to Holy Rosary.

Plaintiff was born in 1977. At all relevant times, Plaintiff was a minor and a parishioner at Holy Rosary. Plaintiff began attending Holy Rosary in 1985 and served as an altar boy under Fr. Vogt and other priests.

While acting as a priest for Defendants, Fr. Vogt befriended Plaintiff, supervised him as an altar boy, counseled and ministered to Plaintiff, and allowed Plaintiff to visit him at the rectory. From approximately 1985 through 1999, while Plaintiff was between the ages of 8 and 17 years old, Fr. Vogt groomed Plaintiff and then sexually abused and exploited him while at Holy Rosary. Specifically, Fr. Vogt fondled Plaintiff's genitals; kissed Plaintiff on the mouth; gave lingering, sexual embraces to Plaintiff, and engaged Plaintiff in private, graphic, sexual discussions of pornography and masturbation.

At some point in 1989, Plaintiff complained to other agents of Defendants that Fr. Vogt had been kissing him on the mouth and discussing sexual topics. Plaintiff was told that he was required to obey Fr. Vogt as a priest and to not complain further to others about Fr. Vogt's

FINDINGS AND RECOMMENDATION – 2

conduct. Defendants failed to stop further sexual abuse of Plaintiff, failed to remove Fr. Vogt from contact with children and failed to warn Plaintiff's parents or local Catholics about the danger of Fr. Vogt's conduct.

Defendants had for several decades been aware that there were Province priests who had sexually abused children or had sexually abusive tendencies. Defendants were also aware that abuse of children by priests was an historic problem in the Catholic Church generally. Church policy going back at least as far as 1917 forbids sexual contact between clerics and children. Priests are required to inform their bishop of reports that other priests have engaged in sexual contact with children. Procedures were established in 1922 for the ecclesiastical prosecution of priests who solicited sexual contact from parishioners and required strict secrecy, including from the victim. Included in the 1962 Vatican protocol dealing with procedures for processing clerics who violated the prohibition against solicitation for sexual purposes was a section that addressed sexual contact with children. These policy directives were revised in 1983 and the sexual abuse of a child by a priest was made a crime within the Church. Defendants were aware of and required to follow these policies.

## Claims

Plaintiff brings three claims.

Plaintiff's first claim alleges *respondeat superior* liability for sexual battery of a child against all Defendants. Plaintiff alleges that Fr. Vogt's conduct constituted harmful or offensive contact to Plaintiff's person and that Fr. Vogt's performance of his agency duties on behalf of Defendants led to and resulted in the sexual abuse of Plaintiff.

FINDINGS AND RECOMMENDATION – 3

Plaintiff's second claim alleges *respondeat superior* liability for intentional infliction of emotional distress against all Defendants.

Plaintiff's third claim alleges negligence against all Defendants. Plaintiff alleges that Defendants created a special relationship with Plaintiff by inviting Plaintiff to form a trust relationship with Fr. Vogt. Defendants therefore had a duty to inform Plaintiff of reasonably foreseeable known dangers in forming a relationship with their priests. Plaintiff alleges that Defendants were made aware of Fr. Vogt's sexual misconduct specifically and were also aware of a long-standing problem of clerics' abuse of children in the Catholic Church in general. Plaintiff alleges that Defendants were negligent in allowing Fr. Vogt to remain a priest and interact with and supervise young boys; in permitting Fr. Vogt to spend private time with boys on Holy Rosary premises; in failing to remove Fr. Vogt from his position as a priest; in failing to properly supervise Fr. Vogt or monitor his activities; and/or in failing to notify the parents, students and parishioners of Holy Rosary of the known dangers of priests engaging minors in sexual contact.

Plaintiff seeks $850,000 in non-economic damages, an estimated $100,000 in economic damages, and costs and disbursements.

## Discussion

### I. Motion to Remand

Plaintiff argues that there is no basis for removal of this case to federal court because it involves wholly state law claims; there is no diversity jurisdiction; and, despite Defendants' arguments to the contrary, none of Plaintiff's claims is based on any right of or duty by Defendants arising under the First Amendment of the United States Constitution. Plaintiff

argues that the only avenue for raising the First Amendment in this case is if Defendants assert it as a defense and, therefore, the case should be remanded.

A party may remove to federal court only when the action could have been originally filed in federal court. 28 U.S.C. § 1441(a)(2). After removal, if at any time before final judgment it appears that the federal court lacks subject matter jurisdiction, the federal court shall remand the case to state court. 28 U.S.C. § 1447(c). The removal statute is strictly construed and "any doubt about the right of removal requires resolution in favor of remand." Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). This presumption against removal "means that 'the defendant always has the burden of establishing that removal is proper.'" Id. (quoting Gaus, 980 F.2d at 566).

A case may not be removed to federal court on the basis of a federal defense, even if the defense is anticipated in the Plaintiff's complaint. See Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 14 (1983). Defendants acknowledge this long-established rule of law. They argue, however, that Plaintiff's Complaint includes allegations that Defendants should be held liable because they allegedly violated their religious canons, rules and policies and thus shows that the First Amendment right to freely exercise religion is not merely an anticipated defense but is central to establishing Plaintiff's claims.

Plaintiff asserts that his references to the canons and policies of the Church are incorporated into the Complaint to indicate an awareness by Defendants that there was a history within the institution of priests sexually abusing children. The policies, Plaintiff argues, go to notice and foreseeability, not to a standard of care to which Defendants may or may not have adhered.

A court may find a federal question inherent in the complaint if "it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims." Franchise Tax Bd., 463 U.S. at 13. Defendants assert that Plaintiff is attempting to base liability on Defendants' alleged failure to follow their own canons, but there is simply no language in Plaintiff's Complaint to support this argument.  State law governs the *prima facie* elements that Plaintiff must prove to establish his claims. These are secular standards that do not depend on church canons or doctrines.

Defendants assert that Plaintiff's Complaint "shows" that he invokes Defendants' canons and policies and their alleged violation as a basis of liability; that the Complaint "shows" that Plaintiff's reliance on these policies is more than merely to demonstrate notice; and that the allegations in the Complaint "show" that Plaintiff is disingenuous in arguing that the court is not being called upon to adjudicate any religious doctrine, determining whether that doctrine was followed or deciding whether Defendants followed their own policies. However, Defendants fail to provide a persuasive argument as to *how* these issues are shown in the language of Plaintiff's Complaint. Furthermore, the two cases out of the Missouri state courts to which Defendants cite are neither controlling nor persuasive, especially in light of the cases decided by this Court that have found remand appropriate under circumstances similar to the case at bar. See, e.g., M.K. v. Archdiocese of Portland in Oregon, 228 F.Supp.2d 1168, 1172 (D. Or. 2002); JC2 v. Grammond, 232 F.Supp.2d 1166 (D. Or. 2002); Jack Doe 1 v. Corp. of Presiding Bishop of Church of Jesus Christ of Latter-Day Saints, Civ. No. 07-1499-PK, 2008 WL 4549075, at *6 (D. Or. Oct. 9, 2008); G.B. v. Archdiocese of Portland in Oregon, Civ. No. 01-cv-1437-AS, 2002 WL 31441220 at *5 (D. Or. April 18, 2002); W.B. v. Grammond, et al., Civ. No.01-1110-AS, 2002 WL

31496207 (D. Or. April 18, 2002); Remand Order from B.B. v. Corp. of the President of the Church of Jesus Christ of Latter-day Saints, 3:02-cv-00080-BR (D. Or. 2002).

It is Defendants' burden to establish the propriety of removal. Here, they fail to meet that burden. I have thoroughly reviewed Plaintiff's Complaint with particular focus on the language of the claims for relief themselves. Defendants are correct that Plaintiff's Complaint includes numerous references to Defendants' policies and canons; however, these references are factual allegations and not claims for relief. I conclude that the Complaint does not assert any claim that calls upon this court to adjudge or entangle itself in any question of ecclesiastic doctrine or policy, see e.g. G.B., 2002 WL 31441220 at *5; and nothing in Plaintiff's claims raises a federal question. Although First Amendment issues may arise through the presentation of affirmative defenses, such a possibility is insufficient to confer federal jurisdiction over this case and the action should be remanded to state court.  See Franchise Tax Bd., 463 U.S. at 14.

## II. Request for Costs and Fees

Although I recommend granting Plaintiff's motion for remand, I am disinclined to recommend granting an award of attorney's fees and costs.

Pursuant to 28 U.S.C. § 1447(c), Plaintiff requests that the Court award reasonable attorney's fees and costs incurred as a result of the removal. "[T]he standard for awarding fees [upon the granting of a motion to remand] should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

Removal is not objectively unreasonable solely because the removing party's arguments lack merit and the case is ultimately remanded. Lussier v. Dollar Tree Stores, Inc., 518 F.3d 1062, 1065 (9th Cir.2008). Rather, the court should assess "whether the relevant case law clearly foreclosed the defendant's basis of removal" by examining the "clarity of the law at the time of removal." Id. at 1066 (internal citations omitted).

I recommend denial of Plaintiff's request for fees because I conclude that there was less than perfect "clarity of the law at the time of removal."  Plaintiff is correct that there is a history within this district of remanding cases removed to this court based on purported First Amendment defenses to clergy abuse. However, distinctions exist between the allegations presented here and those presented in the prior cases in the District of Oregon, including, not insignificantly, Plaintiff's references in his Complaint to the Church's religious canons and policies. Moreover, there is no controlling precedent that provides absolute guidance to the trial court regarding the specific issue of federal question jurisdiction over claims of direct negligence against a religious organization arising from the alleged sexual abuse of children by its clergy. In light of these circumstances, it was not unreasonable for Defendants to seek removal and Plaintiff's request for fees should be denied.

### III. Motion to Dismiss

Defendants present a Fed. R. Civ. Proc. 12(b)(6) motion to dismiss, arguing that Plaintiff's claims are barred by the statute of limitations.  My conclusion that this action should be remanded to state court precludes this court from addressing the merits of Defendants' motion to dismiss.  Accordingly, Defendants' motion should be denied as moot.

## Conclusion

For the reasons set out above, Plaintiff's motion to remand (#6) should be GRANTED, Plaintiff's motion for attorney's fees and costs (#6-2) should be DENIED, and Defendants' motion to dismiss (#3) should be DENIED as moot.

## Scheduling Order

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due June 13, 2016. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 26th day of May, 2016.

/s/ John Jelderks
John Jelderks
U.S. Magistrate Judge